

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

January 25, 1963

Hon. Coke Stevenson, Jr.          Opinion No. C- 7
Administrator
Texas Liquor Control Board     Re:  Whether certain signs
State Office Building                advertising alcoholic
Austin, Texas                        beverages, constitute
                                     "outdoor advertising"
                                     as that term is used in
                                     Article 667-24a, V.P.C.
                                     when displayed on the
                                     second floor of a labor
                                     temple that is not cov-
                                     ered by a license or
                                     permit authorizing the
                                     sale of alcoholic bever-
Dear Mr. Stevenson:                  ages.

        You have requested an opinion on the following
questions:

        "Where on the second floor inside a
labor temple that is not covered by any
license or permit authorizing the sale of
alcoholic beverages there exists the fol-
lowing signs--not including asterisks--
that are eleven inches by fourteen inches
in size, are such signs 'outdoor advertising'
as that term is defined in paragraph one of
Article 667-24a of V.A.P.C.?"

1.  Miller High Life*--Go First Class

2.  Pearl Lager Beer--Kit Sanderson**

3.  Now at Popular Prices--Pabst Blue Ribbon*--
    Nick DeMarias Distributing Co.**--619 Mary
    Ave.--Plaza 3-5332

4.  Jax Beer, Waco--Best Beer in Town

5.  Lone Star Beer--(Decal)--Lone Star Dis-
    tributing Co.**

-24-

6.  Billy Dieorte**--We Cash Payment Checks--
    715 So. Highway 81, Also, West, Texas

7.  Jabo Centenial Liquor Store**--930 So. Lacy
    Drive--Lacy--Lakeview

8.  Schlitz*--(Decal)--Enjoy the Difference--
    Nick DeMarias Distributing Co.**--619 Mary
    Ave.--Plaza 3-5332

9.  Where There's Life--There's Budweiser*--
    Turner--Coffield Company**

10. Clark's Package Store**--Iiquor, Wine and
    Beer.

    *Each of these words and phrases is a
     brand name of a certain type of beer
     sold in Texas.

    **Each of these persons and companies
     is engaged in the sale or distribution
     of alcoholic beverages in Texas."

    Article 667-24a, Vernon's Penal Code, reads as
follows:

    "1.  The term 'outdoor advertising' as
used herein shall mean any sign bearing any
words, marks, description or other device and
used to advertise the alcoholic beverage busi-
ness of any person engaged in the manufacture,
sale or distribution of alcoholic beverages,
or in the advertisement of any beverage con-
taining alcohol in excess of one-half of one
per cent ($\frac{1}{2}$ of 1%) by volume, when such sign
is displayed anywhere outside the walls or en-
closure of any building or structure where
there exists a license or permit to sell alco-
holic beverages.  The term 'outdoor advertising'
shall not be inclusive of any advertising ap-
pearing on radio or television, or in any public
vehicular conveyances for hire, or in a newspa-
per, magazine or other literary publication
published periodically.  Any such sign erected
inside a building and within five (5) feet of
any exterior wall of such building facing a

street or highway and so placed that it may be observed by a person cf ordinary vision from outside the building, shall be deemed outdoor advertising. For the purposes of this Section the word 'sign,' as applied to its use by a Retailer, shall not include any identifying label affixed to any container as authorized by law, nor to any card or certificate of membership in any association or organization, provided such card or certificate is not larger than eighty (80) square inches."

Also Section 2(d) of Article 667-2⁴a, reads as follows:

"The use of alcoholic beverages or printed or lithographed material advertising alcoholic beverages inside a premise where there exists a permit or license to sell alcoholic beverages, when used as a part of a display, is hereby authorized, provided such alcoholic beverages or advertising material so used may not be placed within six (6) inches of any window or opening facing upon a street, alley or highway, and provided further that the term 'advertising material' as used in this Section shall not be construed to mean or include any card or certificate of membership in any association or organization, if such card or certificate is not larger than eighty (80) square inches."

Taking these two sections into consideration, the Legislature has provided for three situations:

1. Where a sign advertising the beverage business or any alcoholic beverage is displayed anywhere outside the walls or enclosures of any building or structure where there exists a license or permit to sell alcoholic beverages.

2. Where any such advertising sign is placed inside a building and within five (5) feet of any exterior wall of such building facing a street or highway and so placed that it may be observed by a person of ordinary vision from outside the building. This is construed to mean buildings in which there exists no license or permit to sell alcoholic beverages.

3. Where advertising displays are present <u>within</u> a premise where there <u>exists</u> a permit or license to sell alcoholic beverages.

The first two situations described are deemed to be "Outdoor Advertising" and the third is not.

Under the question propounded to the Attorney General's office the signs are inside a building in which no license or permit to sell alcoholic beverages exists. It follows that the second described situation would apply and that if the signs are inside the building and within five (5) feet of any exterior wall of such building facing a street or highway and could be observed by a person of ordinary vision from outside the building it would constitute "Outdoor Advertising" as described by the statute.

### S U M M A R Y

A sign advertising alcoholic beverages or an alcoholic beverage business displayed inside a building in which there does not exist a license or permit to sell alcoholic beverages constitutes "Outdoor Advertising" if the sign is within five (5) feet from any exterior wall of such building facing a street or highway and can be observed by a person of ordinary vision from outside the building.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

Bill Morse

Bill Morse, Jr.
Assistant

BM:wb:mkh
APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
John Reeves
Norman Suarez
Ben Harrison
Dudley McCalla
APPROVED:
Stanton Stone
Executive Assistant